IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CECELIA OWENS, | ) |
|    Plaintiff, | ) ) ) |
| vs. | ) ) ) CASE NO.: 2:06CV999-1D |
| LIGHTHOUSE COUNSELING CENTER, INC., | ) ) ) |
|    Defendant. | ) ) ) |

**<u>DEFENDANT'S RESPONSE TO PLAINTIFF'S LETTER OF AUGUST 3, 2007</u>**

The Defendant has received a copy of Plaintiff's un-sworn letter of August 3, 2007 addressed to the Court. In that letter, Plaintiff requests relief under the Soldier's Sailors [*sic*] Relief Act. That act was amended in 2003 and has been re-named the Servicemember's Civil Relief Act of 2003 ["SCRA"]. It is codified at 50 U.S.C. Appendix §§ 501-593. It does not apply to the Plaintiff's attempt to avoid the consequences of her failure to follow the Court's instructions nor does it grant her the right to a stay of these proceeding.

The SCRA applies to service members on active duty and is designed to protect them from actions brought against them. The Plaintiff does not claim to be a service member; her husband is not a party to this action which was brought by the Plaintiff; and, she has not asserted or proved any of the other requirements for a judicial stay. A major change provided by the SCRA is that, unlike the amended act, it permits *active duty service members* who are unable to appear in a court or administrative proceeding due to their military duties to postpone the proceeding for a minimum of ninety days upon the service member's request. The request must be in writing and a service member must:

> (1) explain why the current military duty materially affects the service member's ability to appear,
> 
> (2) provide a date when the service member can appear, and

(3) include a letter from the commander stating that the service member's duties preclude his or her appearance and that he is not authorized leave at the time of the hearing. This letter or request to the court will not constitute a legal appearance in court. (See § 202, SCRA; 50 U.S.C. App. § 522)

Plaintiff has not provided the Court with any of these things.

As to Plaintiff's alleged reasons for non-compliance, the Defendant offers the Plaintiff condolences on the death of her father and congratulations on the patriotism of her husband, but neither of these matters justify her own failure to comply with the Court's orders. Plaintiff is not a novice in legal proceedings. Defendant understands that she has filed several previous actions against other employers and that she has been involved in several criminal proceedings. She has the experience to understand and comply with court orders and has offered no reasonable basis for having failed to do so.

WHEREFORE, the Defendant asks the Court to deny the Plaintiff's belated requests and dismiss this action based on Defendant's pending motion.

s/Bruce J. Downey, III
**BRUCE J. DOWNEY, III**
**Attorney for Defendant**
**Lighthouse Counseling Center, Inc.**

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama  36102-2069
Telephone:     (334) 241-8000
Facsimile:      (334) 323-8888

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of August, 2007, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system and that I have placed a copy of the foregoing in the U.S. Mail, postage prepaid and properly addressed, to the *pro se* Plaintiff, at the following last known address:

Cecelia Owens
5915 Trammell Road #H10
Morrow, GA  30260

s/Bruce J. Downey, III
OF COUNSEL

1098212