IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CECELIA OWENS, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   CASE NO.: 2:06CV999-ID |
| LIGHTHOUSE COUNSELING | )   DISCOVERY FILED PER ORDER |
| CENTER, INC., | )   OF THE COURT |
| | ) |
|   Defendant. | ) |
| | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S INFORMAL
REQUEST FOR PRODUCTION**
_____

**COMES NOW** Defendant Lighthouse Counseling Center, Inc. (hereinafter referred to as "Lighthouse") and in response to the Plaintiff's informal request for documents, says as follows:

**GENERAL OBJECTIONS**

1. Defendant Lighthouse objects to each and every discovery request to the extent that it seeks information not discoverable because of the attorney-client privilege, the work-product doctrine, documents prepared in anticipation of litigation, and materials of non-testifying consultants.

2. Defendant Lighthouse objects to each and every discovery request to the extent that it seeks information protected from disclosure under the F.R.C.P.

1

3.     Defendant Lighthouse objects to each and every discovery request insofar as it is vague, ambiguous, compound, overly broad, not reasonably limited in time, oppressive and unduly burdensome.

4.     Defendant Lighthouse objects to each and every discovery request insofar as it seeks information that is irrelevant, immaterial, not reasonably calculated to lead to the discovery of admissible evidence, or outside the scope of permissible discovery.

5.     Defendant Lighthouse objects to each and every discovery request to the extent that it seeks information equally available to the Plaintiff where the burden on the Plaintiff to obtain the requested information is no greater than the burden on Defendant Lighthouse.

6.     Defendant Lighthouse objects to each and every discovery request to the extent it seeks information that is of a sensitive commercial or confidential nature, including but not limited to proprietary information or confidential funding information.

7.     Each and every of the foregoing General Objections are hereby incorporated into the responses to discovery set forth below. All of the General Objections are made without waiver of or prejudice to any additional objections Defendant Lighthouse has made or may make. All such objections are expressly reserved, as is Defendant Lighthouse's right to move for a protective order at any time.

8.     Defendant Lighthouse objects to Plaintiff's Requests for Production to the extent they impose conditions or requirements beyond those set forth in the Federal Rules of Civil Procedure and Local Court Rules.

1108796.doc

9.     Defendant Lighthouse reserves the right to supplement, amend or correct these responses if additional, responsive, non-privileged information which warrants such supplementation, amendment or correction is discovered.

## RESPONSES TO REQUESTS FOR PRODUCTION

**1.**     Copies of all EEOC complaints, employee complaints, lawsuits, legal actions filed or made against them in the last 15 years.  Letters or complaints involving legal issues with employees, vendors, or contractors.

**Response:**     Defendant objects to the breadth of this request as overly burdensome due in part to the fact that no one in an executive position with the Defendant has been employed by the Defendant during the time for which the documentation is requested, and The Lighthouse does not keep records back as far as requested. Without waiving this objection, Defendant will produce the documentation for the last five years along with any documentation known to exist by the Director or Deputy Director during the requested period.  All documents will be produced for inspection and copying at the offices of Defendant's counsel following Plaintiff's twice-cancelled deposition.

**2.**     Salary history of employees for the last fifteen years including all raises.

**Response:**     The Defendant objects to this request because it is not calculated to lead to relevant information since the Plaintiff's claims do not include any claim of salary discrimination, because it is proprietary and confidential information, and because it would lead to an unnecessary invasion of the employees' privacy. Without waiving this objection, Defendant will supply information for Mr. Lindley, the current Director; Ms. DeKruyff, the former director; Ms. Houser, the current Deputy Director; and Ms. Stinson.

**3.**     Employee records with job descriptions of Candace [*sic*] DeKryuff [*sic*], Carianne Stinson, La Shae Hibbler, Mark Rollins, Timothy Kemp, Cliff Lovejoy, and Sadie Sky, and the current Deputy Director for now.

**Response:**     These documents will be provided for inspection and copying.

**4.**     List of employees who are allowed to work from their homes and then job descriptions specifically Candace [*sic*] DeKryuff [*sic*] and Carianne Stinson.  Please include the date that work from home began and specify it's [*sic*] continuance or date ended.

3

**Response**: The only employee who is working from home is Ms. Stinson. Her salary information will be produced along with her personnel file. Ms. DeKruyff is not an employee of The Lighthouse. She is an independent contractor.

**5.** Cell phone payments by the Lighthouse for Candace [*sic*] DeKryuff [*sic*] while Deputy Director and Executive Director.

**Response:** The Lighthouse paid Ms. DeKruyff's cellular phone bills during the time of her employment. Defendant objects to having to research the specific amounts paid because it is not calculated to lead to relevant information and is burdensome. Ms. Owens makes no claim related to cellular phone charges. However, all available expense repayment requests from Ms. DeKruyff will be produced.

**6.** Copies of any documents sent to Arendall & Associates, my previous attorney, because those documents have not been given to me.

**Response**: Will be provided for inspection and copying. This consists of Defendant's Initial Disclosures and Responses to discovery.

**7.** List of expense reports for Carianne Stinson (5 years) and Candace [*sic*] Dekryuff [*sic*] for the last 7 years.

**Response:** To the degree these reports can be located, they will be produced.

**8.** Copy of insurance policy for the Lighthouse Counseling Center.

**Response:** This will be produced.

**9.** List of all current funders with names, addresses, phone numbers and contact person. Also include funding amounts with funding periods and line item budgets.

**Response:** Defendant objects to this request as having no bearing on Plaintiff's claims, not being reasonably calculated to lead to relevant information, involving highly confidential and proprietary information, and because the Defendant has reason to believe that Plaintiff has previously and would again use this information to wage a publicity campaign against the Defendant in an attempt to force it to settle her meritless claims.

**10.** List of all past funders in the last 7 years with their names, addresses, phone numbers and contact person. Also include funding amounts with funding periods and line item budgets. If funding has ceased, provide documentation of such and state any reasons given for funding being ceased.

**Response:** Defendant objects to this request as having no bearing on Plaintiff's claims, not being reasonably calculated to lead to relevant information, involving highly confidential and proprietary information, and because the Defendant has reason to believe

that Plaintiff has previously and would again use this information to wage a publicity campaign against the Defendant in an attempt to force it to settle her meritless claims.

**11.** List of employees, job titles, and salaries who have been terminated, who resigned, or just are no longer with the Lighthouse in the last 5 years. Please list the reason for their termination.

**Response:** To be provided for inspection and copying.

**12.** Current list of Lighthouse Board Members, their tenure, race, gender and function on the Board.

**Response:** To be provided for inspection and copying.

                                              **s/Bruce J. Downey, III**
                                              **BRUCE J. DOWNEY, III**
                                              **Attorney for Defendant**
                                              **Lighthouse Counseling Center, Inc.**

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama 36102-2069
Telephone: (334) 241-8000
Facsimile: (334) 323-8888

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing discovery with the court, per the court's order, and served a copy of the foregoing pleading upon pro se plaintiff listed hereinbelow, placing a copy of same in the United States mail and Via Certified Mail, Return Receipt Requested, postage prepaid and properly addressed, on this the 20th day of November, 2007:

                            Cecelia Owens
                            6245 Hillcrest Drive
                            Morrow, GA 30260

                                              **s/Bruce J. Downey, III**
                                              OF COUNSEL