IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CECELIA OWENS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **CASE NO.: 2:06CV999-ID** |
| **LIGHTHOUSE COUNSELING** ) | **(Filed per Order of the Court)** |
| **CENTER, INC.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND NOTICE TO TAKE
DEFENDANT'S DEPOSITION
AND THIRD REQUEST FOR DOCUMENTS**

**COMES NOW** Defendant Lighthouse Counseling Center, Inc. (hereinafter referred to as "Lighthouse"), and pursuant to the Federal Rules of Civil Procedure, responds to Plaintiff Cecelia Owens as follows:

**GENERAL OBJECTIONS**

1. Defendant Lighthouse objects to each and every discovery request to the extent that it seeks information not discoverable because of the attorney-client privilege, the work-product doctrine, documents prepared in anticipation of litigation, and materials of non-testifying consultants.

2. Defendant Lighthouse objects to each and every discovery request to the extent that it seeks information protected from disclosure under the F.R.Civ.P.

3.     Defendant Lighthouse objects to each and every discovery request insofar as it is vague, ambiguous, compound, overly broad, not reasonably limited in time, oppressive and unduly burdensome.

4.     Defendant Lighthouse objects to each and every discovery request insofar as it seeks information that is irrelevant, immaterial, not reasonably calculated to lead to the discovery of admissible evidence, or outside the scope of permissible discovery.

5.     Defendant Lighthouse objects to each and every discovery request to the extent that it seeks information equally available to the Plaintiff where the burden on the Plaintiff to obtain the requested information is no greater than the burden on Defendant Lighthouse.

6.     Defendant Lighthouse objects to each and every discovery request to the extent it seeks information that is of a sensitive commercial nature, including but not limited to proprietary information or confidential customer information.

7.     Each and every of the foregoing General Objections are hereby incorporated into the responses to discovery set forth below. All of the General Objections are made without waiver of or prejudice to any additional objections Defendant Lighthouse has made or may make. All such objections are expressly reserved, as is Defendant Lighthouse's right to move for a protective order at any time.

8.     Defendant Lighthouse objects to Plaintiff's requests for production to the extent they impose conditions or requirements beyond those set forth in the Federal Rules of Civil Procedure and Local Court Rules.

9. Defendant Lighthouse reserves the right to supplement, amend or correct these responses if additional, responsive, non-privileged information which warrants such supplementation, amendment or correction is discovered.

## SECOND NOTICE OF DEPOSITION

Defendant objects to the Plaintiff's notice of depositions which she set without consulting with defendant's counsel, particularly where Plaintiff would schedule those depositions to take place over a weekend. Defendant's counsel will change his plans and make himself available on the January 26, 2008 and has confirmed that Carianne Stinson is available on that date. However, defendant cannot, at this time, confirm the availability of the other requested deponents. Defendant intends to conclude the Plaintiff's deposition on January 21, 2008, a date that Plaintiff has said she is available. A Notice of that deposition is being sent with this response. [Plaintiff's deposition, held during the Christmas holidays for Plaintiff's convenience, was suspended early at 3:00 pm, for the Plaintiff's convenience, despite the fact that Plaintiff had assured Defendant's counsel that she would be available until 7:00 pm, if necessary.] If either or both of the other requested deponents, David Belser and Candyce DeKruyff, are unavailable on the January 26, Defendant will try to make them available after the completion of the Plaintiff's deposition on January 21, 2008.

Defendant notes that Plaintiff has not identified the location of the depositions she proposes for January 26, 2008 stating only that it will be "at a location in the Middle District of Alabama." Defendant has offered the use of the offices of Defendant's counsel for this purpose without charge. Defendant advises Plaintiff that it will object if Plaintiff attempts to hold these depositions other than in Montgomery, Alabama.

Plaintiff has found numerous reasons not to attend prior scheduled sessions of her deposition and cancelled the depositions of the persons she now notices after they were scheduled for December 27, 2007. This has created uncertainty as to whether the Plaintiff will actually show up as planned. Therefore, Defendant requests that the Plaintiff

promptly advise him of the location of the depositions she proposes and the arrangements she has made for court reporter services.

### THIRD REQUEST FOR DOCUMENTS

Plaintiff has apparently had difficulty obtaining documents that the Defendant furnished to her former counsel because of a dispute between them. Defendant furnished a full set of documents to him. Since then, Defendant has, at all times, had the documents available for inspection and copying at the offices of Defendant's counsel. Plaintiff's former counsel repeated told Defendant's counsel that Ms. Owens was coming by to inspect them and select some for copying. However, she never scheduled an appointment to do that. Defendant also had these documents available for Ms. Owens following her partial deposition on December 26, 2007. She declined to review them at that time. Defendant will produce these documents at the continuation of Ms. Owens' deposition on January 21, 2008. If Ms. Owens prefers simply to have all of them copied, Defendant will send them to any Montgomery copying firm she selects so long as she has made advance arrangements for the copying expense and advises Defendant's counsel of these arrangements.

This request apparently requests documents not previously requested: (a) The Ezra Byrd file; (b) a copy of the previous handbook;  and (c) a copy of Ms. DeKruyff's contract. To the extent that the Defendant has these documents, it will produce them for inspection and copying at the offices of Defendant's counsel within the time allowed by the F.R.C.P.

                                              **SIGNED AS TO OBJECTIONS:**

                                              s/Bruce J. Downey, III
                                              **BRUCE J. DOWNEY, III**
                                              **Attorney for Defendant**
                                              **Lighthouse Counseling Center**

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama  36102-2069
Telephone:    (334) 241-8000
Facsimile:    (334) 323-8888

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing pleading upon the pro se Plaintiff, Cecelia Owens, by placing a copy of same in the United States mail and Certified Mail, Return Receipt Requested, postage prepaid and properly addressed, this the 4th day of January, 2008:

                        Cecelia Owens
                        6245 Hillcrest Drive
                        Morrow, Georgia  30260

                                      **s/Bruce J. Downey, III**
                                      OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CECELIA OWENS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **CASE NO.: 2:06CV999-ID** |
| **LIGHTHOUSE COUNSELING** ) | **(Filed per Order of the Court)** |
| **CENTER, INC.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**NOTICE OF RESUMPTION OF DEPOSITION**

TO:   Cecelia Owens
    6245 Hillcrest Drive
    Morrow, Georgia  30260

PLEASE TAKE NOTICE that Defendant Lighthouse Counseling Center, Inc., will resume the video deposition of Cecelia Owens, pursuant to the Federal Rules of Civil Procedure, beginning at 1:00 p.m. on January 21, 2008, to continue from day to day until completed.  The deposition will be held at the offices of Capell & Howard, P.C., 150 South Perry Street, Montgomery, Alabama, 36104 upon oral examination before a Notary Public, or some other officer authorized by law to administer oaths.

   Deponent is requested to bring with her to the deposition all documents that will supplement her production of documents on December 26, 2007 and any documents which may enable her to identify the person from the CDC she supposedly met with in Atlanta or the person with the Tuskegee University HIV program with whom she supposedly met.  Deponent is further requested

1

to bring with her any statements or affidavits that she, or anyone else acting on her behalf, may have obtained in this matter.

          **s/Bruce J. Downey, III**
          **BRUCE J. DOWNEY, III**
          **Attorney for Defendant**
          **Lighthouse Counseling Center**

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama  36102-2069
Telephone:    (334) 241-8000
Facsimile:    (334) 323-8888

## CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the foregoing pleading upon the pro se Plaintiff, Cecelia Owens, by placing a copy of same in the United States mail and Certified Mail, Return Receipt Requested, postage prepaid and properly addressed, this the 4th day of January, 2008:

          Cecelia Owens
          6245 Hillcrest Drive
          Morrow, Georgia  30260

          **s/Bruce J. Downey, III**
          OF COUNSEL