**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| CECELIA OWENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) CASE NO.: 2:06CV999-ID |
| LIGHTHOUSE COUNSELING | ) Filed per Order of the Court |
| CENTER, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT LIGHTHOUSE COUNSELING CENTER, INC.'S
RESPONSE TO PLAINTIFF'S THIRD NOTICE TO RESCHEDULE
DEFENDANTS DEPOSITION AND FOURTH REQUEST FOR DOCUMENTS**

Plaintiff has filed her latest Notice and Request cancelling her previously scheduled depositions, rescheduling those depositions at another date and demanding additional documents all without good cause. Defendant responds as follows:

Without consulting with Defendant's counsel, Plaintiff Owens has cancelled her previously scheduled Notice of Deposition and re-noticed those depositions for Saturday, February 2, 2008. Because Plaintiff has not acted in good faith, Defendant declines to continue to accommodate the Plaintiff by accepting her insistence on discovery outside of normal business hours. Defendant has been extraordinarily accommodating to the Plaintiff so far and believes that Plaintiff has made this most recent change without reasonable cause. Examples of the Defendant's accommodations include:

a. For months after the beginning of discovery, Defendant's counsel sought Plaintiff's deposition through her then-counsel. For those same months, Defendant's

1

counsel was told that Plaintiff was living in Atlanta but would find a date to come to Montgomery to be deposed and to review the documents Defendant had collected in response to discovery. Plaintiff never found a convenient date to come to Montgomery to do this.

  b. Plaintiff's counsel withdrew from representing Plaintiff, so Defendant served a notice of deposition on Plaintiff on August 13, 2007 for a deposition to be taken on August 22, 2007.  Plaintiff objected and declined to appear.

  c. The Court set a scheduling conference that was twice re-set because the dates were inconvenient for the Plaintiff. On the second occasion, Plaintiff called the Court just before the conference, and after Defendant's counsel had prepared and set aside the requisite time, to say that she could not attend.  When the status conference was finally held, Plaintiff complained to the Court that she could not get her former attorney to give her the documents that the Defendant had produced, and the Court offered to help her get them if she found that necessary. If she has ever sought the Court's help retrieving these documents, she did so without notifying Defendant. Thereafter, Defendant noticed Plaintiff's deposition for November 21, 2007, the day before Thanksgiving, the only date Plaintiff had advised that she was available. This required the Defendant's representative and counsel to adjust their holiday plans for her convenience. Plaintiff cancelled that deposition the afternoon before it was to take place. She also refused to appear for any deposition scheduled during normal working hours.  She asserted that she could not take any time off from work.   She had been able to take time off from work when she finally attended the scheduling conference. She said that she would have to be deposed during the week after Christmas or the week after New Year's Day. Later, she withdrew the

early January options. Despite the inconvenience to the Defendant's representative and counsel, Defendant accepted this date and noticed her deposition for December 26, 2007 at 10:00 a.m. based on Plaintiff's assurance that she would be available until 7:00 p.m.

  d. Approximately the same time Plaintiff, "noticed" the deposition of three persons, only one of whom was employed by the Defendant. She noticed their depositions for December 27, 2007 without consulting with Defendant's counsel. Still, Defendant did not require her to subpoena the non-employees and arranged for all three to be available during their holidays. Plaintiff cancelled these depositions after the witnesses and Defendant's counsel had adjusted their holiday plans in order to be available.

  e. Plaintiff did appear for her deposition at 10:00 a.m. on December 26th, but announced at approximately 2:00 p.m. that she would have to quit at 3:00 p.m., rather than at 7:00 p.m. as she had committed. Defendant inquired as to when she would be available to complete her deposition, and she responded that she would be available on January 21, 2008 (a holiday) but not until 4:30 p.m.

  f. Defendant re-noticed Plaintiff for the completion of her deposition at 4:30 p.m. on January 21, 2008 (the time the Plaintiff had specified) despite the fact that this was also a holiday. Defendant's counsel and its representative arranged their schedules to be available and to work late for Plaintiff's convenience. Plaintiff appeared for this deposition at 4:30 p.m. Alabama time and cut the deposition short saying that she had to leave near 7:00 p.m. *Georgia time*.

  g. Then, without consulting Defendant's counsel, Plaintiff "noticed" the depositions of the three persons whose depositions she had previously cancelled for

3

Saturday, January 26th. Again, Defendant did not make Plaintiff subpoena the non-parties. Again, the Defendant arranged for these persons and its counsel to give up part of their weekends. Again, everything was done for the Plaintiff's convenience. Now, she has cancelled these depositions.

      h.     Plaintiff asked the Defendant to provide certain documents, many of which it had already provided to her attorney. Defendant did not require a formal request for production. It gathered the documents together and sent her a formal Response on November 20, 2007 stating that all unobjectionable documents were available for inspection and copying and pointing out that, if she would ever appear for her deposition, she could review the documents at that time. These documents were available and offered to her when she appeared for her deposition on December 26th, but she did not avail herself of that opportunity to inspect them. Instead, she required that someone meet her at 4:30 p.m. on Friday, January 18, 2008 for the production. Despite the fact that this time was very inconvenient and required personnel in Defendant's counsel's office to stay late on a Friday afternoon, these arrangements were made to accommodate her. Thus, on January 18th, eight days before the depositions she had noticed, Plaintiff reviewed the documents that had been available to her since the beginning of discovery and, specifically, available for the preceding two months. During her review on January 18th, she voiced some complaints about "missing documents" to Defendant's counsel's secretary but declined to specify what missing documents she wanted. At the attempted conclusion of her deposition on December 21st, Plaintiff also declined to specify which documents she was seeking except for one expense voucher. That document has been located and sent to her. On the afternoon of January 22nd, Plaintiff arbitrarily cancelled

4

the depositions scheduled for Saturday, January 26, 2008 and, without consultation, re-set them for the following Saturday. Defendant's counsel immediately wrote, faxed (unsuccessfully) and emailed his objection to her cancellation and inconvenient rescheduling. Defendant's counsel offered to try to locate the documents she listed in her cancellation notice, he encouraged to proceed with the Saturday depositions and he advised her that future settings of discovery would have to be held during normal business hours. Defendant has pointed out that Plaintiff could use telephone depositions if coming from Atlanta was too big a burden on her.

Thus, Defendant submits that it has been extraordinarily cooperative with the *pro se* Plaintiff. It has not insisted on rigid adherence with the rules of discovery, has undertaken tasks that were actually hers to perform (such as securing the attendance of non-employee witnesses) and has bent over backwards to accept her inconvenient schedule. Plaintiff, on the other hand, has been insistent that the witnesses, corporate representatives and defendant's counsel be available whenever she selects. If Plaintiff does not have all the documents she wishes she had, it is her fault for not reviewing the Defendant's production in a timely manner. However, even as to that, Defendant's counsel has told her that later discovery of documents could be grounds for resuming a deposition and that depositions can be taken by telephone. The Defendant believes that, in light of Plaintiff's actions and inactions set out above, it is eminently reasonable not to

1111868.doc

agree to her demands for still more depositions on holidays and weekends and to require her to consult with Defendant's counsel before scheduling depositions.

s/Bruce J. Downey, III<br>
**BRUCE J. DOWNEY, III**<br>
**Attorney for Defendant**<br>
**Lighthouse Counseling Center,**<br>
**Inc.**

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama  36102-2069
Telephone:    (334) 241-8000
Facsimile:     (334) 323-8888

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon the pro se Plaintiff hereinbelow, by placing a copy of same in the United States mail, postage prepaid and properly addressed, this the 23rd day of January, 2008:

Cecelia Owens<br>
6245 Hillcrest Drive<br>
Morrow, Georgia  30260

s/Bruce J. Downey, III<br>
OF COUNSEL

1111868.doc