IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CECELIA OWENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) CASE NO.: 2:06CV999-ID |
| LIGHTHOUSE COUNSELING | ) |
| CENTER, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

The Defendant responds to Plaintiff's motion by assuring the Court that Defendant's counsel has been extraordinarily cooperative with the Plaintiff on discovery. The "combined emails," set out below is a copy of an email response from Defendant's counsel to the Plaintiff's last communication regarding discovery. Defendant's counsel responded by inserting bold bracketed responses following each of Plaintiff's questions and assertions. The combination of Plaintiff's email and Defendant's counsel's response explains the dispute between the parties except as to the issue of courtesy. Plaintiff's reference to that issue arises from Defendant's counsel's immediately preceding email which said:

"I will tell you, though you do not have to believe me, that the Court expects us to treat each other with courtesy. For that reason, I have always addressed you with respect. Addressing me as "Downey, " accusing me of "supremacy" and questioning my reading ability and hearing, are not things of which the Court will approve, just as it does not approve of litigants insisting that witnesses appear at other than mutually-convenient times and noticing depositions over the opposing counsel's objection.

1

1111993.doc

**The combined emails:**

**From:** Bruce J. Downey, III
**Sent:** Thursday, January 24, 2008 2:45 PM
**To:** 'ceceliaowens@comcast.net '
**Subject:** Owens v. Lighthouse

**Dear Dr. Owens: Please see below.   Bruce Downey**

---

**From:** ceceliaowens@comcast.net [mailto:ceceliaowens@comcast.net]
**Sent:** Wednesday, January 23, 2008 6:14 PM
**To:** Bruce J. Downey, III
**Subject:** RE: Owens v. Lighthouse; Civil Action Number CA#2006CV999-ID

Counsel for the Defense:

Owens v Lighthouse

Why don't you address the issue here of producing the documents? You have still failed to provide me with all of the documents requested. I have still not received a copy of DeKryuff's contract **[There is no such written contract. I am advised that no employee of The Lighthouse had a written contract.]**, Timothy Kemp's and Mark Rollins employee files **[I have those and will allow you to copy them. I will even meet you this Saturday if you want to come over, since I had cancelled my plans anticipating your deposition. Or, if you agree to pay our standard 25 cents/copy charge, I will copy them and mail them to you.]**, lawsuits filed against Lighthouse in last five years with dispositions **[There was one lawsuit over rent. It was filed by Second Baptist Day Care alleging that the Lighthouse did not give sufficient notice of termination of a contract. Disposition: The suit was dismissed. It couldn't possibly be relevant to your claim.]**, and a copy of the employee policy/handbook valid during the time of my employment **[The Handbook that you were given in discovery is the only one my client can find. The others are believed to have been thrown away to avoid mixing the two versions. Ms. DeKruyff says that she made a few changes after you left. If you want to file an Interrogatory asking about any specific change you deem significant, we will respond to that Interrogatory or you can wait until you take her deposition if you prefer.]**.

I agree with you that the court expects courteous treatment between parties. However, you fall quite short on application of that expectation and do not seem to think that this applies to you. Addressing me as a narcissistic schizophrenic is a very clear example of that. **[I did not address you in that fashion. I asked you if you had ever received that diagnosis. The public record of your suit against Communities in Schools of Georgia, Inc., includes the records of a psychologist who testified in deposition that you suffered from narcissistic personality disorder and schizoid personality disorder. That was his conclusion, not mine.  I was entitled to ask you about that because the persecution you claim from almost every employer could be imagined.]**

2

Be assured, whether you or your clients come to the depositions are not **[I hope that it is clear to you that we do not intend to be there on Feb. 2nd so that you will not waste your time coming down.]**, this case will proceed until the end. You never offered or agreed to take my deposition by phone but rather put in an insistent order to depose me on video and audio tape. **[You are correct. I had no obligation to take your deposition by telephone. You have no obligation to take the witnesses you have designated by phone, either; but you may do so if coming from Atlanta during normal business hours is an intolerable burden for you.]** Why would you think that this method would be reasonable or acceptable for me in taking your clients depositions? **[ That would be your decision.]**Again, the supremacy rings loud and clear **[I must confess that I do not know what my "supremacy" means. If you are suggesting that I am claiming rights for my client that you do not have, you are wrong. I have done far more for you and accepted your demands far more than I would expect to have to do in a normal case. I interrupted my Thanksgiving vacation for you. I did not accompany my wife in a post-Christmas trip with children to accommodate you. I cut short my MLK weekend holiday with my wife for you. I arranged the attendance of your witnesses at your cancelled depositions. I offered my offices for your use. I had my secretary work late on a Friday for you. I did not seek an advantage when you twice cancelled court status conference appearances, once immediately before the conference. I have not insisted that you properly comply with the rules of discovery. Your cancellation of this weekend's depositions was simply "the last straw." I am not longer willing to grant you special privileges I would not have to grant to your lawyer, if you had one.]** as does your lack of cooperation now that you have taken my deposition. **[In fact, I have not completed your deposition since both times you insisted on leaving early. The most recent time you tried to interpret a 4:30 to 7:00 agreement to allow you to arrive at 4:30 Alabama time and leave at 7:00 Georgia time. It is true that I am through accommodating the notion that you can pursue your suit without taking time off.  ]**

Finally Counsel, you may properly address me as **the Dr. Cecelia Owens** that I am. **[I am perfectly willing to address correspondence with you in that manner, see above. I have a Juris Doctor's degree and an advanced LLM degree, but you can call me "Bruce" or "Mr. Downey" as you wish.]** No need for any more emails, I will seek the Judges intervention in this matter. **[Since you posed direct questions to me above, I assume you do not mean for me not to reply to this email from you.  <u>I must also tell you that the Judge will insist that we communicate and will insist that we try to resolve problems before bringing them to him.</u> [Emphasis added.] Bruce Downey**

Dr. Cecelia Owens
Plantiff Pro Se


      Respectfully submitted,

                                            **s/Bruce J. Downey, III**
                                            **BRUCE J. DOWNEY, III**
                                            **Attorney for Defendant**
                                            **Lighthouse Counseling Center, Inc.**

1111993.doc

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama  36102-2069
Telephone:    (334) 241-8000
Facsimile:     (334) 323-8888

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 28th day of January, 2008, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Cecelia Owens
6245 Hillcrest Drive
Morrow, Georgia  30260

<u>s/Bruce J. Downey, III</u>
OF COUNSEL

1111993.doc