IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CECELIA OWENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CASE NO.: 2:06CV999-1D |
| LIGHTHOUSE COUNSELING ) | |
| CENTER, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT LIGHTHOUSE COUNSELING
CENTER'S MOTION FOR SUMMARY JUDGMENT**

**COMES NOW** the Defendant Lighthouse Counseling Center, Inc. (hereinafter "Lighthouse") and pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully moves this Court for summary judgment on all Plaintiff's claims. In support of this Motion, Lighthouse files an accompanying Memorandum of Law, and states as follows:

1. Lighthouse is a not-for-profit organization that provides chemical dependency services on an intensive outpatient basis for the general population and for several specific population groups. Additionally, Lighthouse provides supportive housing for homeless persons with a substance abuse disorder and another qualifying condition. Lighthouse also provides sexual assault forensic evidence exams, counseling, and prevention education for HIV and substance abuse problems.

2. The Executive Director of Lighthouse, Ms. Candyce DeKruyff, hired Plaintiff, Cecelia Owens, as her Deputy Director on September 12, 2005. Ms. DeKruyff

interviewed three candidates for the position as her Deputy and selected Plaintiff over two equally-qualified white candidates. Plaintiff was employed at Lighthouse as the Deputy Director from September 12, 2005 to November 18, 2005. Plaintiff was under Ms. DeKruyff's remote supervision until Ms. DeKruyff's return from maternity leave. Within five days of Ms. DeKruyff's return, Ms. DeKruyff terminated Plaintiff's employment because Plaintiff's work product was substandard and because Plaintiff's conduct was unprofessional, insubordinate, and uncooperative.

3. In short, Lighthouse's reasons for terminating Owens were legitimate and not a pretext for discrimination. Plaintiff was terminated because her work product was poor and because she was insubordinate and uncooperative, these latter traits being key reasons why her performance was poor.

4. Plaintiff alleges that Lighthouse unlawfully terminated her employment in violation of Title VII and tortiously interfered in her business relationships. Plaintiff's Title VII allegations generally fall under the following three categories:

1) Ms. DeKruyff was more likely to authorize the expenditure of funds for white clientele, thus discriminating against black clients. *See* Complaint (Doc. No. 1) at ¶9. Plaintiff does not allege that she ever voiced her concerns to anyone regarding this alleged disparate treatment of clients.

2) Ms. DeKruyff handled the resignation of a black employee, Ms. Hibbler, differently that she handled the resignation of a white employee, Ms. Stinson. Plaintiff alleges that because she voiced her disapproval of Ms. DeKruyff's alleged discriminatory treatment of Ms.

2

        Hibbler in relation to Ms. Stinson at a management meeting, that Ms. DeKruyff retaliated by disciplining her and then terminating Plaintiff's employment. *See* Complaint at ¶¶ 10-18.

3)      Plaintiff also sent an e-mail to Ms. DeKruyff after receiving a verbal counseling from Ms. DeKruyff questioning whether discrimination was occurring.

5.      Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Jameson v. Arrow Co.*, 75 F.3d 1528 (11th Cir. 1996).

6.      To establish a *prima facie* case of retaliation under Title VII, a plaintiff must establish the following elements: 1) she engaged in statutorily protected expression; 2) she suffered an adverse employment action; and 3) the existence of a causal connection between the two events. *Cooper v. Southern Co.,* 390 F.3d 695, 740 (11th Cir. 2004) (citing *Meeks v. Computer Assocs. Int'l,* 15 F.3d 1013, 1021 (11th Cir. 1994)); *Brochu v. City of Riviera Beach,* 304 F.3d 1144, 1155 (11th Cir. 2002). Once the plaintiff makes out a *prima facie* case of retaliation, the burden shifts to the defendant to produce legitimate, non-retaliatory reasons for the adverse employment action. *Id.* If the defendant meets this burden of production, the plaintiff has a final opportunity to prove that the defendant's proffered reasons are a pretext for retaliation. *Id.*

7.      The "opposition clause" under Title VII protects an employee who has

"opposed any practice made an unlawful employment practice" under Title VII. 42 U.S.C. § 2000e-3(a). Under the opposition clause, a plaintiff engages in "statutorily protected activity" when he protests an employer's conduct which is actually lawful, so long as he demonstrates "a good faith, reasonable belief that the employer was engaged in unlawful employment practices." *Little v. United Tech., Carrier Transicold Div.,* 103 F.3d 956, 960 (11th Cir. 1997). It is, however, insufficient for a plaintiff "to allege his belief in this regard was honest and bona fide; the allegations and record must also indicate that the belief, though perhaps mistaken, was objectively reasonable." *Id.*

8. For reasons that will be closely examined in Lighthouse's accompanying Memorandum of Law, Plaintiff cannot make out a *prima facie* case of discrimination or retaliation because there is no evidence that Lighthouse treated Plaintiff or any other employee in a discriminatory manner based on their race. Therefore, Plaintiff's opposition to the alleged racial discrimination was not objectively reasonable. In sum, Plaintiff cannot establish a *prima facie* case of retaliation under Title VII because she did not engage in any statutorily protected opposition and because she cannot demonstrate a causal connection between the alleged protected activity and her subsequent termination.

9. Also, Plaintiff's claim of intentional interference with her employment at her subsequent employer, COSA, is unsubstantiated and should be dismissed as a matter of law. Plaintiff's unfounded and unsupported belief that Lighthouse influenced COSA's decision to terminate Plaintiff's employment does not create an issue of fact for purposes of summary judgment. Lighthouse is entitled to summary judgment on the tortious interference claim.

**PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S DAMAGES**

10.     In the alternative to summary judgment and dismissal of all three claims, Lighthouse is entitled to partial summary judgment as to damages for two reasons. The Plaintiff was only out of work for a week, Lighthouse paid Plaintiff a two-week severance, and her annual salary with her subsequent employer was more than her pay from Lighthouse.  Therefore, Plaintiff suffered no economic loss from her termination. Second, the Plaintiff committed a criminal offense while employed by Lighthouse, which, if known by Lighthouse, would have led to her discharge.  This criminal conviction was uncovered during discovery and acts as a bar to back pay following its discovery.

11.     In conclusion, Plaintiff has not produced any evidence that Lighthouse discharged her because of her race.  Additionally, Lighthouse terminated Owens's employment for reasons that are objectively legitimate, nondiscriminatory and non-pretextual.  Additionally, there is no evidence supporting Plaintiff's allegations of tortious interference with a business relationship.

12.     There are no genuine issues of fact, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and those contained in Lighthouse's Memorandum of Law, Lighthouse respectfully moves this Court to enter summary judgment in its favor as to all counts against it contained in Plaintiff's Complaint, dismiss the Complaint and all claims in this lawsuit against Lighthouse with prejudice, and tax costs against Plaintiff.

Dated: March 7, 2008

        Respectfully submitted,

        **s/Bruce J. Downey, III**
        **BRUCE J. DOWNEY, III**
        **ASB-9205-W86B**

        **Attorney for Defendant Lighthouse Counseling Center, Inc.**

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama  36102-2069
Telephone:    (334) 241-8000
Facsimile:    (334) 323-8888

## CERTIFICATE OF SERVICE

I hereby certify that on this the 7th day of March, 2008, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Cecelia Owens
6245 Hillcrest Drive
Morrow, Georgia  30260
Via Facsimile at: 770-991-1505 and 770-991-2334
Via Email at: owensacademy@comcast.net and ceceliaowens@comcast.net

        **s/Bruce J. Downey, III**

6