IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CECELIA OWENS, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   CASE NO.: 2:06CV999-1D |
| LIGHTHOUSE COUNSELING | ) |
| CENTER, INC., | ) |
| | ) |
|   Defendant. | ) |
| | ) |

**DEFENDANT LIGHTHOUSE COUNSELING
CENTER'S MOTION FOR LEAVE TO FILE REPLY TO
PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

**COMES NOW** the Defendant Lighthouse Counseling Center, Inc. (hereinafter "Lighthouse") and pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully moves this Court for leave to file a Reply to Plaintiff's Response to Lighthouse's Motion for Summary Judgment on all Plaintiff's claims. In support of this Motion, Lighthouse states as follows:

1. Lighthouse filed a Motion for Summary Judgment and accompanying Memorandum of Law on March 7, 2008. (Doc. nos. 52, 53).

2. The Court granted Plaintiff's request for an extension (Doc. nos. 55, 56), and Plaintiff filed her response on April 30, 2008.

3. Lighthouse respectfully requests leave to reply to Plaintiff's response. No party will be prejudiced by the Court granting this order.

4. Lighthouse's Reply is attached hereto as Exhibit A.

1

Dated: May 8, 2008

          Respectfully submitted,

          **s/Bruce J. Downey, III**
          **BRUCE J. DOWNEY, III**
          **ASB-9205-W86B**

          **Attorney for Defendant Lighthouse Counseling Center, Inc.**

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama 36102-2069
Telephone:   (334) 241-8000
Facsimile:    (334) 323-8888

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of May, 2008, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Cecelia Owens
6245 Hillcrest Drive
Morrow, Georgia 30260
Via Facsimile at: 770-991-1505 and 770-991-2334
Via Email at: owensacademy@comcast.net and ceceliaowens@comcast.net

          **s/Bruce J. Downey, III**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CECELIA OWENS, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   CASE NO.: 2:06CV999-1D |
| LIGHTHOUSE COUNSELING | ) |
| CENTER, INC., | ) |
| | ) |
|   Defendant. | ) |
| | ) |

**DEFENDANT LIGHTHOUSE COUNSELING CENTER'S REPLY TO
PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

**COMES NOW** the Defendant Lighthouse Counseling Center, Inc. (hereinafter "Lighthouse") and pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully files a Reply to Plaintiff's Response to Lighthouse's Motion for Summary Judgment on all Plaintiff's claims. Although Lighthouse has already presented the arguments and unrefuted evidence necessary for summary judgment, Plaintiff's Response Brief, Statement of Facts, and Affidavit (collectively referred to herein as "opposition documents") necessitate a response.

A.    **PLAINTIFF'S OPPOSITION DOCUMENTS DO NOT MEET THE REQUIREMENTS OF RULE 56.**

In response to Lighthouse's Motion for Summary Judgment and accompanying Memorandum of Law in support thereof, Plaintiff, an experienced litigant, has filed a Response Brief, separate Statement of Facts, and Affidavit. These opposition documents do not meet the requirements of FED. R. CIV. P. 56. Specifically, Rule 56(e) provides that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided for in this rule, must set forth specific facts showing that there is a genuine issue for trial.

FED. R. CIV. P. 56(e). The Committee Notes to this rule state that "[t]he very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *See* FED. R. CIV. P. 56(e) (1963 Amendment Committee Notes).

Knowing that Plaintiff is *pro se*, this Court spelled out the requirements for summary judgment evidence in its 3/10/08 Order (Doc. no. 54). In addition to citing the Rule above, the Court informed Plaintiff that:

> A party opposing a motion for summary judgment cannot rely only on the unsworn pleadings but must oppose the motion by filing sworn affidavits that set forth specific facts which demonstrate that there is a genuine issue of material fact for trial in this case. Failure to file sworn affidavits may result in this court accepting the moving party's evidence as the truth.

(Doc. no. 54) at 2. Additionally, this Court clearly outlined the requirements for a valid affidavit:

> An affidavit is a sworn statement in writing under oath or on affirmation before a notary public or other authorized officer. The affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.

*Id.* at fn. 2.

Plaintiff has filed a Response Brief and an unsworn Statement of Facts that, together, constitute no more than a rambling pleading. Neither filing offers the slightest

2

rebuttal to the Lighthouse's facts on which it bases its motion for summary judgment. Instead, Plaintiff's opposition papers are simply a stream-of-consciousness repetition of every perceived grievance. In short, Plaintiff does nothing to counter the defenses set forth in Lighthouse's motion.

For example, Plaintiff contends that Ms. DeKryuff was "more like [sic] to authorize the expenditure of [money for?] white clients and employees than black. Plaintiff's Response, Doc. no. 57, p. 4. Plaintiff claims that she raised these concerns in the emails attached as Exhibit 6. *Id.* However, the e-mails attached as Ex. 6 cannot be construed to support this averment. Consequently, the Court is just left with another one of Plaintiff's unsupported allegations that Ms. DeKryuff acted in a discriminatory manner. In another example, Plaintiff makes another gratuitous and unnecessary allegation relating to her subsequent employer's sexual preference. Plaintiff's Statement of Facts, Doc. 58, p. 49. Plaintiff contends in this action that she was fired from COSA because of the Defendant's actions, not because of any sexual non-compliance on her part, so this allegation is completely irrelevant. In fact, since it introduces another potential cause for her termination from COSA, it is counter to the Plaintiff's attempt to blame the Lighthouse. Including an irrelevant and unsubstantiated allegation of this nature in a document filed in Federal Court can only be described as abusive.

In sum, Plaintiff's Response Brief and Statement of Facts contain a diatribe of unsworn, unsubstantiated, and largely irrelevant assertions with which the Court does not need to waste its time.

**B.     PLAINTIFF'S AFFIDAVIT, WHILE SWORN BEFORE A NOTARY, STILL DOES NOT CONTAIN ADMISSIBLE EVIDENCE.**

Plaintiff's Affidavit is simply a more concise version of the Response Brief and Statement of Facts. It is riddled with the same allegations, is largely not based on personal knowledge, and is completely unsupported. The bulk of the contents of Plaintiff's Affidavit do not concern matters about which she is competent to testify. Examples include:

- "Stinson was not qualified for the position, so therefore she could not be hired officially in the position. From day one of my employment, Stinson resented my presence, rejected my authority, and refused to be supervised by me." Plaintiff's Affidavit at ¶ 3.

- "The very unusual relationship between DeKryuff and Stinson began to manifest itself. Stinson was the stronger of the personalities and DeKryuff as totally co-dependent upon her. This was not my focus, but everyone, including me was aware of it. I was never insubordinate to DeKryuff but got along well with her, until I raised the issue of discrimination on 11/9/05." *Id.* at ¶ 4.

- "DeKryuff never so much as even spoke to me concerning any deficiencies in my work, she only praised me. Once after a meeting that she came into the office for while on maternity leave, she asked me to pray with her. I asked her what was her prayer request and she told me that she really desired not to be jealous of me because of all my wonderful gifts, and that she wanted the devil to stop putting thoughts in her head to envy me. I prayed with her and told her not to give in to the thoughts because I was there to assist her in her leadership role in the organization. She seemed relieved. Later, I realized that this was all coming from

4

- Stinson who was very upset because she was no longer running the organization in DeKryuff's absence. I was not terminated because of poor work product." *Id.* at ¶ 5.

- "There were many expenditure requests to assist clients that were denied by Stinson and supported by DeKryuff. New mattresses and furniture requests were denied several times to HIV clients. Overtime was denied to staff who were caring for clients and may have worked over by 15 minutes or so. Stinson and DeKryuff would pitch a fit and recommend disciplinary actions no matter what the situation was." *Id.* at ¶ 10.

- "Stinson prepared all the Board of Director's minutes and freely had the option to put whatever she desired in the minutes, fact and non-fact. DeKryuff supported this because her co-dependency on Stinson and friendship meant everything to her. Whatever Stinson wanted, Stinson got it from DeKryuff. The board minutes of 10/25/05 do not accurately reflect what was said in the board meeting." *Id.* at ¶ 11.

- "DeKryuff unlawfully terminated by [sic] employment at the Lighthouse for me raising my concerns about discrimination and retaliation of an African- American employee. She has attempted to ruin my reputation by slandering my actual job performance and work history, and interfering in my business relationship." *Id.* at ¶ 23.

These excerpts from Plaintiff's Affidavit simply provide a representative example of the nature of her "sworn" evidence. The Affidavit is simply a regurgitation of her allegations with a notary stamp at the end. It should be summarily rejected by this Court.

5

**C.    SUMMARY JUDGMENT IN LIGHTHOUSE'S FAVOR IS WARRANTED BECAUSE PLAINTIFF HAS NOT MET HER BURDEN OF PROOF.**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Lighthouse moved for summary judgment and met its initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, which it believed demonstrated the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

Once Lighthouse met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.' " *Id*. at 324. Thus, in response to Lighthouse's submissions, Owens must, by her own affidavits, deposition excerpts, answers to interrogatories or other proper evidence, designate the specific material facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. Owens must meet her burden by doing more than "simply show[ing] that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Furthermore, "[i]n an employment discrimination case, the plaintiff must produce sufficient evidence to support an inference that the defendant employer based its employment decision on an illegal criterion." *Alphin v. Sears Roebuck & Co.*, 940 F.2d 1497, 1500 (11th Cir. 1991). She does not even mention non-retaliatory discrimination

6

other than to try to turn the fact that the Defendant generously exempted her from some of the stated qualifications for the position for which she was hired into an offense of being the only candidate who had to be given an exemption Plaintiff's Response, Doc. 57, p.2, ¶ 2.  Owens has completely failed to meet her burden.

Rather than relying on conclusory allegations of discrimination, Owens must come forward with evidence demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder could find them unworthy of credence." *Combs v. Plantation Patterns,* 106 F .3d 1519, 1543 (11th Cir.1997).  Owens' opposition papers utterly fail to create an issue of fact for purposes of summary judgment. Therefore, Lighthouse is entitled to judgment as a matter of law.

**D.    CONCLUSION.**

As zero added to zero a thousand times still equals zero, the Plaintiff's irrelevancies added to her character assassination irrelevancies, added to her pseudo-psychological diagnoses, added to her mind-reading, added to her irrelevant defamation of third parties still leaves the Plaintiff's Response irrelevant and, hence, insufficient.

Dated:  May 8, 2008

                                               Respectfully submitted,
                                               **s/Bruce J. Downey, III**
                                               **BRUCE J. DOWNEY, III**
                                               **ASB-9205-W86B**
                                               **Attorney for Defendant**
                                               **Lighthouse Counseling Center, Inc.**

**OF COUNSEL**:
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama  36102-2069
Telephone:     (334) 241-8000
Facsimile:      (334) 323-8888

## CERTIFICATE OF SERVICE

  I hereby certify that on this the 8th day of May, 2008, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Cecelia Owens
6245 Hillcrest Drive
Morrow, Georgia  30260
Via Facsimile at: 770-991-1505 and 770-991-2334
Via Email at: owensacademy@comcast.net and ceceliaowens@comcast.net

                **s/Bruce J. Downey, III**